UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISIDRO PLANCARTE, | CASE NO. C15-1204JLR |
| Petitioner, | ORDER DISMISSING HABEAS PETITION |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

This matter comes before the court on Petitioner Isidro Plancarte's petition for a writ of habeas corpus (Petition (Dkt. # 3)), the report and recommendation of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 12)), Respondent Ice Field Office Director's ("the Director") objections to the report and recommendation (Obj. (Dkt. # 13)), and the Director's notice of removal (Not. (Dkt. # 14)).  Having carefully reviewed the foregoing, the balance of the record, and the governing law, the court DECLINES TO ADOPT the report and recommendation due to changed circumstances and DISMISSES Mr. Plancarte's habeas petition as moot.

ORDER- 1

1     Mr. Plancarte filed his habeas petition on August 21, 2015. (Petition at 1.) The habeas petition requested that the court order Mr. Plancarte's supervised release pending a bond hearing to consider whether Mr. Plancarte should be released on bond "pending the conclusion of his legal matters with ICE [Immigration and Customs Enforcement] and the District Courts and the Ninth Circuit." (*Id.* at 2.) Judge Donohue recommended that the court grant in part and deny in part Mr. Plancarte's habeas petition, affording Mr. Plancarte the right to a bond hearing but not releasing him from custody in the interim. (R&R at 8.) The Director objected to the former recommendation, arguing that Mr. Plancarte was not entitled to a bond hearing under the applicable law. (Obj. at 2.) Mr. Plancarte did not respond to that objection. (*See generally* Dkt.)

    On February 4, 2016, ICE released Mr. Plancarte and removed him to Mexico. (*See* Not. at 2; Form I-205 (Dkt. # 14-1) at 1-3.) On February 9, 2016, the Director provided the court notice of Mr. Plancarte's removal and requested that the court dismiss Mr. Plancarte's habeas petition as moot. (Not. at 2 ("Because Mr. Plancarte's release provides him with all the relief which he sought in his petition, his claims are now moot.").) Mr. Plancarte has not responded to the Director's notice. (*See generally* Dkt.)

    For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* Mr. Plancarte requested his release, which has been granted, and a bond hearing, the need for which his removal obviated. (Petition at 2; Form I-205 at 1.) The court therefore concludes that Mr. Plancarte's habeas petition is moot. *See Cooney v. Edwards*, 971 F.2d 345, 346 (9th

Cir. 1992) (concluding that the injunctive claims of a prisoner who was no longer incarcerated were "either moot or not ripe," and affirming the district court's dismissal of those claims); *Uppal v. Wigen*, No. C06-1551RSM-JPD, 2007 WL 1574120, at *1 (W.D. Wash. May 25, 2007) (applying *Cooney* to a habeas petitioner seeking "an order releasing him from detention by ICE and staying his removal" when the petitioner was "no longer detained by ICE and ha[d] been removed").

Because no live case or controversy exists, the court DISMISSES this case for lack of subject matter jurisdiction. In light of changed circumstances, the court DECLINES TO ADOPT the report and recommendation. The court DIRECTS the Clerk to provide copies of this order to the parties and Judge Donohue.

Dated this 1st day of March, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 3